UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NYAH WATERS,**

        **Plaintiff,**

v.                                    Case No.:

**PINELLAS COUNTY SCHOOL BOARD**,

        **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NYAH WATERS ("Plaintiff"), hereby sues Defendant, PINELLAS COUNTY SCHOOL BOARD ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff seeks an award of compensatory and punitive damages against Defendant based upon employment discrimination against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").

2. Subject matter jurisdiction over this action is based upon the existence of federal question jurisdiction based on Title VII claims that arose under federal law. The federal statute conferring original subject matter jurisdiction over this action is 28 U.S.C. § 1331.

3. This Court has personal jurisdiction over Defendant. Venue is appropriate in the Middle District of Florida.

4. At all times material to this action, Plaintiff was a resident of Pinellas County, Florida.

5. At all times material to this action, Defendant was and is an employer based in Pinellas County, Florida.

6. Plaintiff is female and African-American.

7. Prior to filing this action, Plaintiff has performed all conditions precedent necessary to the maintenance of this action or such conditions precedent have been waived, including filing a charge of discrimination with the EEOC and Florida Commission on Human Relations alleging sexual harassment and retaliation.

## FACTUAL ALLEGATIONS

8. Plaintiff was hired by Defendant on or around April 6, 2021 as a Paraprofessional at Maximo Elementary School in St. Petersburg, Florida ("Maximo" or "the school").

9. Beginning in or around August 2023, Maximo's Head Plant Operator, McArthur Church ("Church"), began sexually harassing Plaintiff with sexual advances and remarks.

10. In or around December 2023, Church remarked to Plaintiff that her

toddler daughter "should have been [his] chocolate baby," in reference to them both being Black.

11. On or around April 15, 2024, after a male coworker witnessed Plaintiff exit another male coworker's vehicle upon arriving at Maximo at the start of the workday, Church began spreading false and disparaging rumors that Plaintiff was in a sexual relationship with a coworker.

12. On or around April 17, 2024, Plaintiff reported Church's behavior to Maximo's School Resource Officer, Laquisha Evans ("Officer Evans"), who then escalated the complaint to Maximo's then-Principal, Lisa Austin ("Austin").

13. Austin verbally reprimanded Church, but he nevertheless continued his campaign of falsehoods and sexual harassment towards Plaintiff.

14. On or around May 29, 2024, Church falsely claimed that he lost Plaintiff's application to continue working at Maximo during the summer months and for the upcoming school year.

15. Church remarked to Plaintiff that he was not sure if she should continue working at Maximo because she "told on [him]," but would leave her alone if she was uncomfortable.

16. On or around May 31, 2024, Austin and Maximo's then-Assistant Principal, Tenisheah Johnson ("Johnson") initiated the process of

reporting Church's repeated inappropriate behavior to Defendant's Office of Professional Services ("OPS").

17. In or around early June 2024, Defendant moved Austin and Johnson to different schools.

18. On or around June 11, 2024, Church screamed at Plaintiff, berating and falsely accusing her of damaging freshly waxed floors.

19. Officer Evans and Plaintiff's new supervisor Heather Toledo ("Toledo"), Maximo's new Assistant Principal, noticed and were alarmed by Church's aggressive behavior towards Plaintiff.

20. After examining the allegedly damaged floors and finding nothing wrong, Church nevertheless reported Plaintiff to Maximo's new Principal, Dr. Ray Dudley ("Dr. Dudley"), and had her reprimanded.

21. After Dr. Dudley scolded Plaintiff based on Church's false accusations, Plaintiff and Church met with Felicia Byrd ("Byrd"), a member of Maximo's leadership team.

22. During the meeting with Byrd, Plaintiff reported Church's behavior and, after Church denied everything, Byrd told the pair to inform Toledo that the matter was "handled."

23. Church punished Plaintiff for reporting him by cutting her hours and shorting her remaining paychecks for the rest of the summer.

24. On or around July 1, 2024, Church made false accusations to Dr. Dudley against Plaintiff's son, who was on Maximo grounds for a summer program, specifically that he was a liability and made a mess.

25. As a result of Church's false accusations, Dr. Dudley once again reprimanded Plaintiff and barred her son from Maximo's grounds.

26. In or around August 2024, Church hired a new plant operater and told him to stay away from Plaintiff "because [she was] ran through, [she had] been through every plant operator at Maximo and [she is] nutty."

27. Church then warned Plaintiff not to speak to the new plant operator at all or risk being reported, and claimed that he and Dr. Dudley were close personal friends.

28. On or around August 26, 2024, Plaintiff emailed Toledo asking to meet about Church because she did not feel safe telling Dr. Dudley.

29. After Toledo assured Plaintiff that Dr. Dudley would handle the matter and remain unbiased, Dr. Dudley told Plaintiff that he was unable to do anything about Church's behavior because it was all "hearsay," but that he would remind the staff to remain professional at the next staff meeting.

30. The day after Plaintiff's meetings with Toledo and Dr. Dudley, Church told several staff members that Plaintiff was trying to "set [him] up."

31. On or around September 2, 2024, Plaintiff informed Dr. Dudley that

Church's behavior remained unchanged. Dr. Dudley refused to intervene once again claiming that her complaints were "hearsay" and he could not stop Church from talking.

32. In or around September 2024, several fifth grade students reported to Plaintiff and another staff member that they witnessed Church urinating outside and saw his "private parts."

33. After Plaintiff reported the incident to Officer Evans and confirming its occurrence using surveillance footage, the matter was escalated to Dr. Dudley, who refused to reprimand Church and attempted to have Officer Evans moved to a different school.

34. On or around October 15, 2024, after Plaintiff returned to Maximo following Hurricane Milton, Church waited for her and other female staff members at the front door of the school and repeatedly tried to kiss them, eventually succeeding.

35. Plaintiff walked to the school's copy room and waited for him to leave the area, before going to the school's library and calling another staff member.

36. On or around October 18, 2024, Plaintiff informed Officer Evans of Church's unwanted kissing who told her that, though it was not visible on the schools' cameras, it would be reported to Officer Evans supervisor, thus involving OPS.

37. Plaintiff called OPS herself to report Church and explained that she was afraid he and Dr. Dudley would retaliate against her for making the report.

38. OPS told Plaintiff that Dr. Dudley would be the one investigating the matter but that if his findings were unsubstantial, they would have Church removed from the school or discharged.

39. Dr. Dudley called Plaintiff into his office and told her that there would be a formal meeting and he would "handle" it.

40. On or around February 17, 2025, after two more female staff members reported Church's unwanted kissing to Dr. Dudley, Dr. Dudley told Church to remain professional and assured Plaintiff that she would not be bothered moving forward

41. Church's sexually harassing behavior did not stop until she took a leave of absence, and he continued to make sexual comments and circulate false disparaging rumors about her, including false accusations that jobs he had done poorly were actually done by her.

42. After returning from a leave of absence, Plaintiff was "administratively transferred" away from Maximo, then terminated by Defendant.

### COUNT I - SEXUALLY HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

43. Plaintiff realleges paragraphs 1 through 42 of this Complaint as if fully set

forth herein.

44. Defendant is an employer under Title VII.

45. Defendant, through Church, sexually harassed Plaintiff from August 2023 through April 2025 and created a hostile work environment.

46. Defendant is vicariously liable for all sexual harassment suffered by Plaintiff because it was engaged in and/or ratified by supervisory personnel.

47. The sexual harassment was severe and/or pervasive and motivated by Plaintiff's sex.

48. Plaintiff has been damaged by the conduct of Defendant.

49. Defendant was recklessly indifferent to Church's sexual harassment of Plaintiff.

**WHEREFORE**, Plaintiff requests this Honorable Court to grant a judgment requiring Defendant to pay to Plaintiff back-pay, front-pay, compensatory damages and punitive damages in an amount to be proved at trial, prejudgment interest thereon, and costs and attorney's fees under Title VII, 42 U.S.C. § 2000e et seq.

## COUNT II - RETALIATION IN VIOLATION OF TITLE VII

50. Plaintiff realleges paragraphs 1 through 42 of this Complaint as if fully set forth herein.

51. Defendant is an employer under Title VII.

52. Plaintiff engaged in opposition to sexual harassment by reporting Church to Maximo's principals, school resource officer, and OPS.

53. Defendant maliciously retaliated against Plaintiff by reprimanding her and by terminating her employment.

54. Defendant caused Plaintiff to suffer economic and emotional damages, including ridicule, shame, humiliation, fear, and anger.

**WHEREFORE**, Plaintiff requests this Honorable Court to grant a judgment requiring Defendant to pay to Plaintiff compensatory and punitive damages in an amount to be proven at trial, prejudgment interest thereon, and costs and attorney's fees under Title VII, 42 U.S.C. § 2000e et seq.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all claims so triable.

/s/ Craig L. Berman

Craig L. Berman
Fla. Bar No. 068977
BERMAN LAW FIRM, P.A.
111 Second Avenue NE, Suite 706
St. Petersburg, FL 33701
727-550-8989
craig@bermanlawpa.com

**ATTORNEY FOR PLAINTIFF**